IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02661-BNB

CHRISTIAN ANDERSON,

      Plaintiff,

v.

FARMERS INSURANCE,

      Defendant.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT
_____

      Plaintiff, Christian Anderson, has filed *pro se* a Complaint (ECF No. 1).  The court must construe the Complaint liberally because Mr. Anderson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Anderson will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

      The court has reviewed the Complaint and finds that it is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of

Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Anderson fails to provide a short and plain statement of the grounds for the court's jurisdiction.  In other words, Mr. Anderson fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Mr. Anderson also fails to provide a short and plain statement of his claims showing that he is entitled to relief because he fails to allege specific facts in support of the claims he is asserting.  In order to state a claim in federal court, Mr. Anderson "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes

2

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158,

1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally

has limits and "the court cannot take on the responsibility of serving as the litigant's

attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor*

*Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Anderson file, **within thirty (30) days from the date of this**

**order**, an amended complaint that complies with the pleading requirements of Fed. R.

Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Anderson shall obtain the appropriate court-

approved Complaint form, along with the applicable instructions, at

www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Anderson fails within the time allowed to file an

amended complaint that complies with this order, the action will be dismissed without

further notice.

DATED October 15, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge